

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00036-CR

_____

CHARLES RANDALL KAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. 8466

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Charles Randall Kay was convicted by a jury for bail jumping and failure to appear at trial for an underlying theft charge. Enhanced by pleas of true to two prior felony convictions, Kay was sentenced as a habitual offender to fifty years' imprisonment. Kay alleges that the trial court erred in allowing Gene Stump, his counsel in the underlying theft charge, to testify during trial despite objections that the testimony would violate attorney-client privilege. Kay also complains that the trial court erred in admitting the sentence for the theft conviction, and for allowing evidence and testimony regarding "events following the [theft] trial leading to Appellant's apprehension" over Rule 503 objections. We affirm the trial court's judgment.

District Clerk Ellen Jaggers[1] and Deputy Sheriff Chris Marrs were in the courtroom on the day of Kay's trial by jury for theft. Kay was present during the guilt/innocence phase of the trial on January 28, 2008. The trial judge read the jury's verdict that Kay was guilty of theft, and a short break was taken prior to the punishment hearing. Marrs testified that Stump came to him at the conclusion of the break to ask of Kay's whereabouts. Stump informed Marrs that Kay had not returned from a smoke break. Marrs called Kay's name from the courthouse steps, received no reply, and confirmed that Kay's vehicle was no longer present in the courthouse parking lot. The punishment phase resumed without Kay present, and the jury assessed a twenty-year sentence for the theft.

---

[1]Kay's brief does not specify that the trial court erred in admitting any testimony from Jaggers.

2

Jaggers mailed Kay a notice informing him to appear for sentencing on February 8, 2008, and that "proceedings will be initiated for the forfeiture of your bond and a capias will be issued for your arrest" if there was another failure to appear. Kay did not appear. He was sentenced for the theft on March 4, 2008, after being apprehended.

## I.      Rule 503 Objections to Testimony from Previous Counsel

In addition to the general rule of privilege protecting confidential attorney-client communications, Rule 503(b)(2) of the Texas Rules of Evidence states: "In criminal cases, a client has a privilege to prevent the lawyer or lawyer's representative from disclosing any other fact which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." TEX. R. EVID. 503(b)(2).

### A.      Kay Failed to Preserve Error on Sustained Rule 503 Objections

The trial court held a hearing outside the jury's presence regarding Kay's 503(b)(2) objections to Stump's testimony. It clarified that it would allow Stump to testify "as to his personal observations," but wanted to hear testimony outside of the jury's presence as to any "communications." A question and answer session followed. The court sustained objections to the questions: "[D]id you ever tell the Defendant that he had to stay here?" and "Did you give the Defendant any reason to believe that he could leave the courtroom?" While still outside the jury's presence, the following transpired:

3

Q   And you know that, if you do not advise or if you give your client any reason to think it's okay to leave, that that would be ineffective assistance of counsel; correct?

A   Yes, ma'am, I understand that.

Q   Okay.   So, do you believe you committed ineffective assistance of counsel?

A   No, ma'am.

MR. FORSMAN:   Objection, relevance, Your Honor.   There's never been any indication of ineffective --

MS. KELLY:   I was just going around it.

THE COURT:   Okay.   Go ahead.

Q   (by Ms. Kelly)   So, you're saying that, at no time did you commit ineffective assistance of counsel by allowing the Defendant to leave the trial?

A   No, ma'am.

MR. FORSMAN:   Object to attorney-client privilege.

MS. KELLY:   That's not attorney-client privilege.   It has nothing to do with communication between them.

THE COURT:   And the question once again?   Because how you word this is very important.   Ask the same question.   I just need to hear it again.

Q   (by Ms. Kelly) At no time during the trial do you believe that you committed ineffective assistance of counsel by the fact that your client left without release by the judge?

A   No, I don't believe that I did. . . .

4

The court stated that it intended to sustain the Rule 503 objections related to communications between Kay and Stump, made clear "I don't want any kind of communications or anything like that whatsoever," and gave counsel a running Rule 503 objection at trial.

While in the presence of the jury, the State elicited the following testimony from Stump:

Q       And have you ever told any of your clients that it was okay to just leave?

A       No, ma'am.

Q       And if you did tell a client that it was okay to leave, do you believe that that would be ineffective assistance of counsel?

A       It would be . . . .

Later, Stump testified he had never, in his opinion, committed ineffective assistance of counsel.

In his brief, Kay complains "[t]he State did an 'end around' the Court's order not to get into attorney/client privileged communications by asking Stump if it would be ineffective assistance of counsel to advise a client that it was okay to leave the courthouse without the court's permission." Kay alleges that these questions effectively asked Stump to disclose communications he had with Kay.   Assuming this assertion is correct, and even if this evidence was admitted in violation of the trial court's ruling that the State was not to mention communications between Stump and Kay, a further step was required to show reversible error.   But Kay requested no further relief from the trial court.

It is well settled that when an appellant has been given all the relief he or she requested at trial, there is nothing to complain of on appeal. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Lasker v. State*, 573 S.W.2d 539, 543 (Tex. Crim. App. [Panel Op.] 1978) ("Appellant's objection was sustained. No instruction to disregard was requested nor was a motion for mistrial made. Appellant received all the relief which he asked for at trial. *Cazares v. State*, 488 S.W.2d 110 (Tex. Crim. App. 1972); . . . . Nothing is preserved for review."). To preserve error, an appellant must (1) make a timely and specific objection; (2) request an instruction to disregard the matter improperly placed before the jury; and (3) move for a mistrial. *See* TEX. R. APP. P. 33.1(a); *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also Jackson v. State*, 287 S.W.3d 346, 353–54 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Failure to request additional relief after an objection is sustained preserves nothing for review. *See Caron v. State*, 162 S.W.3d 614, 617 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

In an effort to meet this requirement, Kay claims that his counsel moved for a mistrial. During questioning of Stump, the prosecutor made the statement, "[W]e can't get into any communications between you and the Defendant based on the attorney-client privilege." After a lunch break, Kay's counsel made the following motion:

> Your Honor, at this time, Defendant moves for a mistrial. There was a speech immediately preceding -- before lunch about -- words to the effect, quote, I'm not going to get into the attorney-client privilege. I'm not going to talk about this because I know we can't do it, hint, hint, wink, wink, nod, nod. The jury has been

tainted; the jury has been prejudiced. This Court can't cure it by an instruction. We need a mistrial.

Counsel complains of Stump's testimony that it would be ineffective assistance for him to advise a client they could leave and that he did not commit ineffective assistance. The trial court sustained Kay's objections with regard to any communications. Counsel's motion for mistrial was unrelated to his sustained objection and complaint on appeal. Because he failed to secure an adverse ruling on this issue from the court, we conclude that no error was preserved for our review.

### B. The Trial Court Did Not Err in Allowing Stump to Testify to His Personal Observations

At trial, Kay urged the trial court to exclude testimony of any nature from Stump based on Rule 503(b)(2) entitled "Special rule of privilege in criminal cases." TEX. R. EVID. 503(b)(2). That rule grants a client a privilege to prevent the lawyer from "disclosing any other fact which came to the knowledge of the lawyer . . . by reason of the attorney-client relationship."

Kay argues, "Eliciting evidence from Appellant's trial counsel as to how and under what circumstances Appellant left the courthouse is not only an egregious violation of the plain meaning of the rule, but it is also reversible error." Without references to the record in his brief, we assume Kay refers to Stump's personal observations that Kay was found guilty, the court took a break, Kay left the courtroom, and did not return for sentencing. Stump also testified he did not witness any other person instruct Kay that he was free to leave.

7

Kay argued that this evidence constituted "other fact[s] which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." Tex. R. Evid. 503(b)(2). We review the trial court's decision on the applicability of a privilege for an abuse of discretion. *See Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Welch v. State*, 908 S.W.2d 258, 265 (Tex. App.—El Paso 1995, no pet.); *Anderson v. State*, 880 S.W.2d 35, 37 (Tex. App.—Tyler 1994, pet. ref'd). If the trial court's ruling falls within the zone of reasonable disagreement and is correct under any theory of law applicable to the case, we affirm its decision. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). The burden of establishing the privilege is on the party asserting it. *Harvey v. State*, 97 S.W.3d 162, 168 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Strong v. State*, 773 S.W.2d 543, 552 (Tex. Crim. App. 1989)).

The purpose of the attorney-client privilege is to promote communication between attorney and client unrestrained by fear that these confidences may later be revealed. *Austin v. State*, 934 S.W.2d 672, 673 (Tex. Crim. App. 1996). Exclusion of Stump's testimony would not aid this purpose. In this case, the trial court ruled that any personal observations made by Stump while in the courtroom on January 28, 2008, were not facts of which he became aware solely by reason of the attorney-client relationship. As observed through Marrs' and Jaggers' testimony, anyone

8

present in the courtroom that day was able to observe "how and under what circumstances Appellant left the courthouse."[2]

We find, in the absence of caselaw to the contrary, that Kay has not met his burden to establish applicability of the privilege to Stump's personal observations. Therefore, we hold the trial court was within its discretion to determine that Stump's observations on the day of the theft trial were not facts known to him by reason of the attorney-client privilege. This point of error is overruled.

## II. Any Error in Admission of Evidence and Sentence in Theft Case Was Unpreserved

Kay argues that the trial court erred in admitting evidence of the sentence in the theft case and in admitting "the event following the trial leading to [Kay's] apprehension because the prejudicial value of the evidence outweighed its probative value." Prior to trial, Kay filed two motions in limine requesting that "mention of the testimony given" in the theft case and twenty-year sentence of incarceration be excluded from admission. Counsel argued that such evidence was irrelevant, that its probative value was substantially outweighed by unfair prejudice, and that it would constitute introduction of extraneous bad acts for an improper purpose. A hearing was conducted before trial to determine the breadth of the State's opening statement regarding events that occurred leading to this charge. The trial court concluded, "I believe it would be before the jury how [the alleged failure to appear] occurred, that is, he was in trial, and

---

[2]Even if we found error in the admission of Stump's personal observations, Jaggers' and Marrs' testimony to the same facts would render any such error harmless. *See* TEX. R. APP. P. 44.2.

9

then he left the courtroom -- the courthouse and, actually, was gone for so many days," overruled the objections with regard to "what we used to call the res gestae of the offense, that is, surrounding circumstances that led to this offense," but then said, "[W]e'll have to take it question by question as to that."[3] The court also ruled "as to whether he got 20 years or not, I don't know that that's relevant. . . . I won't allow you to get into, maybe, the sentence or whatever, because that happened after he left," but again reiterated that objections to questions at trial would be required.

During trial, there was no objection to Marrs' testimony, and only one objection to Jaggers' testimony.[4] Counsel affirmatively represented that he had no objection to admission into evidence of several documents from the previous theft trial: these included the guilt/innocence jury charge and verdict form; punishment jury charge and verdict form, which reflected the assessed twenty-year sentence; a letter instructing Kay to appear on February 8, 2008; a bond forfeiture order; and a judgment of conviction in the theft case. These documents confirmed that Kay was convicted of theft, that he was assessed punishment of twenty years' imprisonment and a fine of $10,000.00, and a judgment was entered in accordance with that verdict.

---

[3]Kay argues he was granted running Rule 401, 403, and 404 objections by the trial court. Trial counsel acknowledged that the objections with respect to Kay's motions in limine were only granted to the State's opening statement.
[4]When the State asked Jaggers whether the jury in the theft case found Kay guilty, counsel objected to "any references by the State about the prior convictions." This objection came after Jaggers already testified, without objection, that Kay was found guilty by the jury and that objection was overruled.

10

When evidence is offered during trial and defense counsel affirmatively represents that the defendant has "no objection" to the evidence, any alleged error in its admission is waived. *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). By confirming that there was "no objection" to any of these documents, Kay effectively waived or forfeited any claim in this Court that the trial court erred in admitting evidence of Kay's conviction and judgment. Our understanding of the procedural history of the case and reading of Kay's brief demonstrate that he is relying on his motions in limine to preserve this point of error.[5]

To properly preserve error with regard to admission of evidence, there must have been a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint and secure a ruling. TEX. R. APP. P. 33.1. A motion in limine will not suffice as an objection at trial. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). The granting of a pretrial motion in limine will not preserve error; it is necessary that an objection be made at the time the subject is raised during the trial. *Geuder v. State*, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994).[6] Kay's brief only specifies complaints to Marrs' testimony and to the introduction of the sentence in the theft case. Because no objection was made to Marrs' testimony and Kay specifically stated there was no

---

[5]Kay also lodged Rule 401, 403, and 404 objections to the introduction of one page of the reporter's record in the underlying theft case where the trial judge announced that Kay did not come back after the break, his car was not in the parking lot, and the judge was issuing a capias for Kay's arrest. Kay does not mention this transcript in his brief. In any event, Jaggers testified to facts contained within this page of the reporter's record without objection.

[6]"A ruling on a motion in limine is merely preliminary because, in most cases, a trial judge is not in a position to rule on the admissibility of evidence before trial begins. Thus, the court's decision on the matter presented in the motion in limine is subject to reconsideration throughout the course of trial." *Rawlings v. State*, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no pet.) (citations omitted).

11

objection to documents showing the conviction and judgment, we conclude Kay failed to preserve this point of error for our review.   It is overruled.

## III.    Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     February 3, 2011
Date Decided:       February 16, 2011

Publish