

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00155-CR

_____


STEPHANIE DAWN SHAW, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 24029



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stephanie Dawn Shaw used a check to purchase merchandise bearing a "Honey Grove" school logo from a local store, Paris Glam. The check, payable to that store in the amount of $178.61, bore the forged signature of Pat Foster and was drawn on Foster's account. Shaw's appeal of the resulting conviction for forgery of a financial instrument, repeat offender,[1] claims that some evidence was improperly admitted and some was improperly excluded. We affirm the trial court's judgment because (1) admitting Shaw's letter into evidence was not error and (2) excluding testimony about a possible other perpetrator was not preserved for our review.

*(1)     Admitting Shaw's Letter into Evidence Was Not Error*

While there is no real dispute about whether the check was forged, Shaw denies she signed the check, and the record contains no direct evidence that she did. That increases the importance of a letter Shaw wrote after the fact, directed to the store clerk, Chelsea Mabry:

Mrs. Chelsea Mabry --

I am writing to you, because I am incarcerated in Lamar County Jail for forgery to Paris Glam. My bond is $150,000 with a possibility of going to jury trial, to prove my innocence. To avoid this I am asking that you contact my lawyer and sign an affidavit not to prosecute and paying for any damages that was caused to your business, I will do, I believe the check was $180.00. . . .

It will be greatly appreciated. Please let me know so I can get the money to you if you're willing to do this.

Mabry identified Shaw as the person who tendered the check to her in payment for the order of

---

[1]Shaw was sentenced to ten years' confinement.

clothing items customized with a "Honey Grove" school logo.

Shaw objected to the letter, on various grounds, including Rule 403 of the Texas Rules of Evidence:

> [Defense Attorney]: I said I have another objection. Based on the fact that I believe that the -- again, although this may be relevant -- that the probative value is outweighed by the fact that it is going to be --

> THE COURT: You're [sic] client wrote it.

> [Defense Attorney]: Yes, I am aware of that, Your Honor, but --

> THE COURT: Your client mailed it.

> [Defense Attorney]: I'm aware of that, as well, Your Honor. But the way that it's written, if you will see, it doesn't say that she did anything, but I don't know that the jury is going to be able to distinguish that between saying I'd rather not have to deal with this, as opposed to --

> THE COURT: For what it's worth, I'm going to let the jury look at it. And, you know, they can come to their own conclusions. But this is pretty darn close to writing out a confession.

> [Defense Attorney]: I understand that, Your Honor. And that's why I'm asking that it --

> THE COURT: With law enforcement not involved in any form or fashion.

> [Defense Attorney]: I understand that, Your Honor, which is why I'm asking that it not be admitted, due to the fact that it is close. And you can see that, as a judge --

> THE COURT: It's what?

> [Defense Attorney]: I said, it's close. And you can see that, as a judge, and we can see that, as lawyers, and I don't know that the jury will be able to

3

distinguish between close and a confession.

> THE COURT: Well, that's what -- why they're the jury. They're going to -- they're just -- they're going to decide the facts. So, we're going to continue.[2]

> [State's Attorney]: It goes to weight, not admissibility.

> THE COURT: That's right.

We review the trial court's decision to admit the letter under an abuse-of-discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379). We will not substitute our own decision for that of the trial court. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

---

[2]Shaw argues that the trial court did not conduct a Rule 403 balancing test. Once a party asserts a Rule 403 objection, the trial court must engage in the balancing test required by that rule. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *see also Alami v. State*, 333 S.W.3d 881, 889 (Tex. App.—Fort Worth 2011, no pet.). "However, a trial judge is not required to sua sponte place any findings he makes or conclusions he draws when engaging in this test into the record." *Williams*, 958 S.W.2d at 195. "Rather, a judge is presumed to engage in the required balancing test once Rule 403 is invoked," and the trial court's failure to conduct the balancing test on the record does not imply otherwise. *Id*. at 195–96.

considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. When undertaking a Rule 403 analysis, a trial court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). "Rule 403 carries with it a presumption that the evidence will be more probative than prejudicial." *Taylor v. State*, 93 S.W.3d 487, 505 (Tex. App.—Texarkana 2002, pet. ref'd).

Shaw believes that the letter had little probative value because it included the statement that Shaw would be forced to go to trial to prove her innocence. The trial court was free, however, to determine that Shaw's letter, offering to pay for the clothing items in exchange for an affidavit of nonprosecution, indicated consciousness of guilt. *See Johnson v. State*, No. 01-10-00314-CR, 2011 WL 1753209, at *2 (Tex. App.—Houston [1st Dist.] May 5, 2011, pet. ref'd) (citing *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999)). Thus, the court could find the letter had great probative value to the main issue at trial—identity of the forger. Since no witness saw Shaw sign the check, the factor relating to the State's need for the evidence favored admission. The trial court could have further found that the letter: did not suggest to the jury that it make a decision on an improper basis, would not confuse or distract the jury from the main

5

issue of identity, and would not encourage the jury to give it undue weight. Finally, the court could have determined that presentation of the one-page letter would not consume an inordinate amount of time or repeat testimony already offered by Mabry.

The trial court was within its discretion in admitting Shaw's letter over her Rule 403 objection. This point of error is overruled.

*(2)*     *Excluding Testimony about a Possible Other Perpetrator Was Not Preserved for Our Review*

The State filed a motion in limine requesting that Shaw be prohibited from mentioning that any member of the Foster[3] family was involved in the forgery. The court held a pretrial hearing on this motion in limine. After the State's presentation of evidence, and after both sides rested, the court reporter informed the court that "no record was made of the stipulations. . . . I checked me [sic] records, and no record was made, starting from the first thing this morning until the jury was brought in." In an effort to record the results of the hearing on the motion in limine, the following exchange occurred:

> [State's Attorney]:     The second thing we talked about was the motion in limine, where the State had argued that there should be no mention of Ms. Foster's daughter as being involved in this. There was a reference in the police report that originally Ms. Foster thought her daughter might have given the checks to Ms. Shaw. And the State argued that that was not relevant, because it didn't go to any question of identity. Ms. Foster's daughter is white, Ms. Shaw is black.[4] There wouldn't have been any probative value in allowing the defense to introduce

---

[3]Although Foster did not know how her check was stolen, she testified that she had employed Shaw's father to mow her yard and that Shaw had accompanied him to the job "at least three times."

[4]The owner of Paris Glam had described the perpetrator as "black."

6

that sort of matter. And I believe your judge -- Your Honor granted that motion in limine.

> THE COURT: That is correct.

> [Defense Attorney]: If I may, just, what I said in that case. I said that I believed that it did have probative value, since it went to identity and identity being one of the elements of the charge here. But you didn't agree with me.

> THE COURT: Correct.

No proffer of the evidence was made.

"A ruling on a motion in limine is merely preliminary because, in most cases, a trial judge is not in a position to rule on the admissibility of evidence before trial begins. Thus, the court's decision on the matter presented in the motion in limine is subject to reconsideration throughout the course of trial." *Kay v. State*, 340 S.W.3d 470, 476 n.6 (Tex. App.—Texarkana 2011, no pet.). "A motion in limine will not suffice as an objection at trial." *Id.* at 476 (citing *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988)). Thus, the granting of a pretrial motion in limine will not preserve error. *Id.* (citing *Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994)).

Here, the ruling made on the motion in limine was insufficient to preserve Shaw's error, because she did not seek introduction of the evidence at trial. Accordingly, we overrule this point of error.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:      March 23, 2012
Date Decided:       March 30, 2012

Do Not Publish