

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00240-CR
_____

MICHAEL DEAN RICHARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 26488

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Dean Richard was convicted of aggravated assault causing serious bodily injury to Ted Wingfield after a jury rejected his theory of self-defense. Pleas of true to enhancement paragraphs resulted in a sentence of sixty-five years' imprisonment. Richard appeals his conviction on the ground that the trial court erred in admitting the affidavit of Wingfield over a hearsay objection. Richard alleges this evidence affected the jury's verdict during the guilt/innocence and punishment phases of the trial. We affirm the trial court's judgment.

## I.      Standard of Review

We review the trial court's decision to admit evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379). We will not substitute our own decision for that of the trial court. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

## II.     Factual and Procedural Background

Wingfield, who was sixty-five years of age at the time of the assault, is Richard's uncle. At the time of the assault, Richard was living with his mother, Penny Williams, and

grandmother, Audry Wingfield. A hearsay objection was sustained when Wingfield testified that he came from California because "[m]y sister called me and told me that they were afraid." He later related that his purpose in coming to Texas was to move Williams and Audry to California. According to Wingfield, Richard "was unhappy that I was taking them out of there, and he started getting abusive . . . [j]ust mouthing." Wingfield testified that Richard "grabbed me around the neck. We went to the ground, and he started to kick, . . . and I don't remember anything else after that." Wingfield speculated that the reason for the attack was that he "was taking [Richard's] meal ticket away."

Wingfield's next memory was of being in the hospital. According to his doctor, Wingfield "had very significant facial trauma" to the entire "midface area," a "fracture of the nose," and his eyes were swollen shut, preventing vision for several weeks. During cross-examination, Richard's counsel asked Wingfield if he had written a statement for law enforcement entitled "Affidavit in Any Fact," to which Wingfield replied, "I couldn't see. I couldn't have wrote anything."[1] Defense counsel asked that the affidavit be marked "Defendant's Exhibit No. 1," had Wingfield testify that his signature appeared on the bottom of the document, that it looked "pretty accurate," and that it was given to law enforcement. Counsel then proceeded to question Wingfield about specific statements contained within the exhibit, but it was not admitted into evidence during cross-examination.

---

[1]The statement was not handwritten, but was typed by someone other than Wingfield. Wingfield acknowledged that the statement was his statement and was accurate.

3

During redirect examination, the State "offer[ed] . . . a copy of this same statement that defense showed the victim Defendant's Exhibit 1 as State's Exhibit 1." The following discussion ensued:

> [Defense Counsel]: Your Honor, I'm going to object to it as hearsay. He testified just, you know, five minutes ago that he didn't write it. He doesn't know who wrote it. That what it says didn't contain accurate information. And for those reasons, I object to it being admitted into evidence because it's not accurate and it's hearsay.
>
> [The State]: Judge, the defense already asked questions about the document. She's read from the document; has opened the door for that testimony and I just want to make sure the jury has a full picture of what's in it.
>
> [Defense Counsel]: Your Honor, it was -- it was -- it was used in impeachment. And impeachment is not actually offering the evidence into evidence or the document into evidence, I misspoke.
> What it is is actually to test the veracity of this witness, test the memory of this witness, and clearly as a witness you have to be competent and a competent witness has to have it from personal experience, personal knowledge.
> He has testified that this is not coming from his personal knowledge. He doesn't remember. And for those reasons I object, and it's not -- shouldn't be admissible.
>
> [The State]: That's true if all she had done is ask, do you remember giving the statement, and isn't it true that you said this. But she went further than that in reading parts of the statement.
>
> [Defense Counsel]: Well, that is exactly what impeachment is, is did you make this statement, give the witness an opportunity to say yes or no. And then if, yes, it's incorporated; then the impeachment is over, then what is being said now that's different from what was being said at the time the statement was made.

The trial court admitted the exhibit "for the limited purpose of it's a document that the witness signed." Defense counsel moved that the jury be instructed "as to the limited purpose in which they are to consider it." The trial court then instructed the jury:

4

> State's Exhibit No. 1 is admitted to show you that's a document that the witness has signed. It's not being admitted for the truth of what the statements are or that he even adopted all of those statements. It's simply an exhibit that he acknowledges has his signature on [it].

In addition to reciting the facts of the assault, the affidavit added that Wingfield's sister and mother had asked that he come to Texas to help them relocate because Richard "had threatened them with bodily harm." Due to the assault, Wingfield was not able to complete the relocation, and the affidavit stated that "[m]y mother and sister are still in Texas, still fearing [for] their safety."

On appeal, Richard complains that the affidavit was hearsay, that no hearsay exception applied, and admission for the limited purpose suggested by the court was erroneous because Wingfield had previously admitted to signing the document. Richard also contends on appeal that statements made in the affidavit relating to Wingfield's sister and mother being afraid of him are hearsay within hearsay.

### III.   Analysis

First, we find that Richard's double hearsay arguments were not preserved. In general, "[a]s a prerequisite to presenting a complaint for appellate review," a party must have made a timely request, objection, or motion to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Richard's double hearsay complaint was not made during the argument relating to admissibility of the affidavit.[2] A general hearsay objection does not preserve a double

---

[2]Although a similar double hearsay argument was raised in a motion in limine with respect to potential testimony, the trial court did not explicitly rule upon the matter. In any event, "[a] ruling on a motion in limine is merely

5

hearsay issue. *Freeman v. State*, 230 S.W.3d 392, 402 (Tex. App.—Eastland 2007, pet. ref'd); *Ricketts v. State*, 89 S.W.3d 312, 319 n.1 (Tex. App.—Fort Worth 2002, pet. ref'd). The context of Richard's objections indicated a complaint to the general admission of the affidavit, as opposed to a complaint about double hearsay presented in specific portions of the affidavit. Because Richard failed to timely raise a double hearsay objection to the admission of the affidavit, we find this issue unpreserved for our review.

Next, hearsay is an unsworn, out-of-court statement offered at trial for the truth of the matter asserted in the statement. TEX. R. EVID. 801(d). Richard's contention that the "admission of this hearsay document" was erroneous must be examined within the confines of the trial court's limiting instruction. Here, the trial court specifically instructed the jury that the affidavit was "not being admitted for the truth of what the statements are or that he even adopted all of those statements." Because the jury instruction precluded the use of the affidavit to prove the truth of the matter asserted, its contents were not inadmissible on hearsay grounds, and Richard's point of error cannot be sustained upon this point. *See Short v. State*, 995 S.W.2d 948, 954 (Tex. App.—Fort Worth 1999, pet. ref'd).

Further, a party opposing the introduction of evidence that is admissible only for a limited purpose has the burden of objecting and requesting a limiting instruction when the evidence is proffered. *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001); *see Lacaze v. State*, 346 S.W.3d 113, 121–22 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)

---

preliminary" and "will not suffice as an objection at trial." *Kay v. State*, 340 S.W.3d 470, 476 & n.6 (Tex. App.—Texarkana 2011, no pet.) (citing *Rawlings v. State*, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no pet.); *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988)).

(where trial court instructs jury not to consider testimony for truth of matter asserted, "any error with respect to the hearsay instruction has not been preserved for our review in the absence of appellant's request for a different instruction in the trial court"). Richard did not object to the court's limiting instruction. By its limiting instruction, the trial court informed the jury that the affidavit was not being offered for its truth. We generally presume that the jury follows the trial court's instructions in the manner presented. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

Last, Richard contends that the affidavit's admission for the "limited purpose of being a document signed by Mr. Wingfield" was erroneous because "he had already admitted to signing it." Again, a timely, specific objection is required to preserve an issue for appellate review. TEX. R. APP. P. 33.1(a)(1)(A). Richard's argument that there was no need to admit the affidavit for the limited purpose due to Wingfield's previous identification of his signature was not made to the trial court.

For the foregoing reasons, Richard's complaints to the admission of Wingfield's affidavit are overruled.

## IV.  Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:     July 9, 2012
Date Decided:       July 20, 2012

Do Not Publish