

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00124-CR

JOHN WESLEY CARTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court No. 2017-0242

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

An Angelina County jury convicted John Wesley Carter of aggravated sexual assault of a child and indecency with a child.[1] For the first offense, Carter was sentenced to twenty years' imprisonment and ordered to pay a $5,000.00 fine. For the second offense, Carter was sentenced to five years' imprisonment and ordered to pay a $2,500.00 fine.

On appeal, Carter challenges the legal sufficiency of the evidence supporting each conviction, argues that the trial court erred in overruling his objection to the State's closing argument, and questions whether the State made an improper argument during punishment. We affirm the trial court's judgment because we conclude that (1) the evidence was legally sufficient to support each conviction, (2) the trial court did not abuse its discretion in overruling Carter's objection to the State's closing argument, and (3) Carter failed to preserve his last point of error.

## I. Legally Sufficient Evidence Supports the Jury's Verdicts

### A. Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

The first count of the State's indictment alleged that Carter "intentionally and knowingly cause[d] the penetration of the sexual organ of [Alice] . . . a child who was then and there younger than 14 years of age, by the defendant's finger."[2] *See* TEX. PENAL CODE ANN. § 22.021 (West 2019). Thus, to sustain a conviction under Section 22.021, the State was required to prove that (1) Carter (2) intentionally or knowingly (3) caused the penetration of the sexual organ of Alice by any means and that (4) Alice was younger than fourteen. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B). The second count of the State's indictment alleged that Carter, "with the intent to arouse or gratify [his] sexual desire . . . engage[d] in sexual contact with [Alice] . . . by touching the breast of the complainant, a child younger than 17 years of age." *See* TEX. PENAL

---

[2]We use pseudonyms for the child and her family to protect the child's identity. *See* TEX. R. APP. P. 9.10.

CODE ANN. § 21.11 (West 2019). To sustain a conviction under Section 21.11, the State was required to prove that (1) Carter (2) with the intent to arouse or gratify his sexual desire (3) engaged in sexual contact with Alice, (4) a child younger than seventeen years of age, (5) by touching her breast. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c).

## A.  The Evidence at Trial

Alice's mother, Carrie, was a school teacher at the same elementary school where Carter was employed as a student counselor. According to Carrie, Carter spoke of a property he had purchased to allow "unfortunate children to . . . do four wheeling and fishing and hunting." When Carter asked Carrie to allow Alice to accompany him on an overnight Sunday trip to the property, Carrie agreed. Alice, who was in the fourth grade, returned to school with Carter on the following Monday. Approximately three years later, Alice accused Carter of sexually abusing her on that overnight trip.

Carrie testified that, when Alice was in seventh grade, Patricia Smith, the junior high school counselor, called her classroom to report Alice's delayed outcry. According to Carrie, Alice said that Carter "had raped her." Several witnesses at trial described the circumstances surrounding the outcry.

Alice's classmate, Maria, testified that Alice began crying in the classroom after Carter's name was mentioned by students and "said she had been assaulted" and "raped" by him. Maria said that the teacher, Christopher Page, removed Alice from the classroom. According to Page, Alice said that Carter "took [her] to a hunting lease and . . . raped [her]." Page walked with Alice to Smith's office.

Smith testified that Alice was crying uncontrollably when she arrived with Page. Smith called Carrie after Page reported Alice's accusation. According to Smith, with Carrie in the room, Alice said Carter had raped her on a Sunday afternoon when she was in the fourth grade. As a result of that conversation, Smith arranged for Alice to speak with Madelyn Navarro Pool, a forensic interviewer at the Harold's House Children's Advocacy Center.

According to Pool, Alice said Carter held on to her waist as she drove a four-wheeler to a deer stand on the property. Alice said that, when they got to the deer stand, Carter kissed her on the neck, touched her breasts underneath her clothing, and touched her sexual organ "midway" under her panties with his finger.

Lisa King, a sexual assault nurse examiner (SANE), testified that Alice said Carter had "put his hand in her pants and put his finger in her private part." King testified that she did not expect to find medical evidence of the offense due to the delayed outcry and that the exam revealed no such evidence.

At trial, Alice recalled Carter's sexual abuse in detail for the jury. She testified that she sat in Carter's lap when they were in the deer stand and that he spoke to her about "how little people can . . . marry people that are his age." Alice testified that, despite her protests, Carter began touching her in places she "didn't want him to reach," including her breasts, and penetrated the inside of her vagina with his finger, causing her pain. After the incident, Carter told Alice not to tell Carrie about the incident.

5

## B.	Legally Sufficient Evidence Supports Each Conviction

Carter alleges that the evidence is insufficient to support his convictions. Specifically, he argues that the evidence is legally insufficient "because there was no corroborating evidence to support the testimony of an unreliable victim." We find that this argument is meritless.

As shown above, Alice testified as to each element of both offenses. The law is clear that the testimony of a child victim alone is legally sufficient to support convictions for aggravated sexual assault of a child and indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2018); *Gomez v. State*, 459 S.W.3d 651, 663 (Tex. App.—Tyler 2015, pet. ref'd). Accordingly, no corroboration is required. Moreover, her testimony addressed each of the elements of the offenses charged. We find that the evidence is legally sufficient to support both of Carter's convictions and overrule Carter's first point of error.[3]

## II.	The Trial Court Did Not Abuse its Discretion in Overruling Carter's Objection to the State's Closing Argument

During punishment, the State argued, in closing:

> Did you notice that [Carter's counsel]'s argument focused on the Defendant. It focused on him primarily. There might have been one or two comments that dealt with the victim and her family and what perhaps maybe they should be, if you will, awarded or rewarded for what they've endured.

---

[3]Carter acknowledges Alice's testimony in his statement of facts, but he omits most of the other evidence presented by the State at trial. On the basis of this truncated statement of facts, he argues that the evidence is insufficient. The State points out that Carter was required to "state concisely and without argument the facts pertaining to the issues or points presented." TEX. R. APP. P. 38.1(g). The State then argues that Carter's brief violates Rule 38.1(g) because it (1) "fails to adequately set forth all of the pertinent facts adduced at trial," (2) "the few facts that are set forth present a decidedly one-sided version of what transpired at trial," and (3) "the statement of facts is argumentative." Pointing to the brief's deficiencies, the State argues that Carter has failed to adequately brief his legal sufficiency points and requests that his first two points of error be overruled on that basis. *See* TEX. R. APP. P. 38.1(d), (g). While we do not disagree with the State's assessment of Carter's brief, we elect to overrule his first point of error on the merits rather than on procedural default. Finally, to the extent Carter is attempting to raise a factual sufficiency argument, we note that we no longer evaluate factual sufficiency points after the Texas Court of Criminal Appeals' decision in *Brooks*, 323 S.W.3d at 894–95.

> This child was cutting herself as a result of that man's conduct, conduct he denied to you.

The trial court overruled Carter's objection that the argument was "striking at the Defendant over the counsel." Carter argues that the trial court's ruling was erroneous.

We review challenges to rulings on objections to improper closing argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Arguments that "strike[] at a defendant over the shoulders of defense counsel" are improper. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). "Although it is impossible to articulate a precise rule regarding these kinds of argument[s], it is fair to say that a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Brown*, 270 S.W.3d at 572 (alteration in original) (quoting *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). However, arguments directed at defense counsel's arguments and theories in the case are not improper. *Garcia*, 126 S.W.3d at 925.

7

The State specifically directed the jury to the nature of Carter's counsel's closing argument and omissions in the argument. The trial court could have determined that the State's comments were not designed to personally attack or impugn defense counsel's character. We find no abuse of discretion in this ruling.[4] Accordingly, we overrule Carter's second point of error.

## III.    Carter Failed to Preserve his Last Point of Error

During punishment, the following transpired during the State's closing argument:

> [BY THE STATE]:  What I encourage you to do is start with Count II, Indecency with a Child, 2 to 20. Start there. Reach a unanimous verdict. Be firm, be powerful. That's what this community needs. Then move to the second one, 5 to 99 or life. And be strong, be powerful, be united.

> [BY THE DEFENSE]:  Your Honor, I need to object. That there is a request to the jury to -- for a community for a specific sentence. I believe that's improper argument.

> THE COURT:  I'll sustain as to community sentence.

Carter made no further request for relief.

On appeal, Carter does not complain of any error on the part of the trial court resulting from this exchange. Rather, he questions whether "it was error for the State to ask for a punishment verdict that the 'community needs.'"  This point is unpreserved.

To preserve error, an objection must be "pursued to an adverse ruling." *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). "It is well settled that when an appellant has been given all the relief he or she requested at trial, there is nothing to complain of on appeal." *Kay v.*

---

[4]Carter also argues, for the first time on appeal, that the State's argument "could certainly be construed as the State commenting on the Appellant's lawyer failing to have his client testify at the punishment phase of trial, which would also be reversible error." Carter did not object to the State's argument on the ground that it commented on his failure to testify. Accordingly, that argument was waived. *See* Tex. R. App. P. 33.1; *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (a "point of error on appeal must comport with the objection made at trial.").

*State*, 340 S.W.3d 470, 473 (Tex. App.—Texarkana 2011, no pet.) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Lasker v. State*, 573 S.W.2d 539, 543 (Tex. Crim. App. [Panel Op.] 1978)). "Failure to request additional relief after an objection is sustained preserves nothing for review." *Id.* (citing *Caron v. State*, 162 S.W.3d 614 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). Because the trial court sustained Carter's objections, there is no adverse ruling about which Carter can complain.

We overrule Carter's last point of error.

## IV.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    April 19, 2019
Date Decided:     May 7, 2019

Do Not Publish