

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00462-CR

———————————————

GREGORY BRICE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F18-2272-158

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Gregory Brice appeals his conviction for the aggravated assault of his roommate, Dalton Stautzenberger. Brice argues that the trial court's admission of evidence—a recorded 911 call and a bullet found at the scene—constituted abuses of the trial court's discretion. We disagree and affirm the trial court's judgment.

## I. BACKGROUND

On June 9, 2018, Brice sent Stautzenberger a text message asking if Stautzenberger had borrowed Brice's portable speaker; Stautzenberger responded that he had not. Later that night and while Stautzenberger was asleep, he heard a loud noise and discovered Brice in his room brandishing a firearm and yelling that Stautzenberger was a liar and a "hit man." When Brice turned his back to Stautzenberger, Stautzenberger tackled Brice and wrestled the gun away from him. During the struggle for the gun, Brice hit Stautzenberger in the head with the gun and shot him in the foot. However, Stautzenberger was able to escape from the apartment.

A neighbor, Mohammed Alnasser, heard gunshots, saw Stautzenberger fleeing the apartment, and called 911. When officers arrived at the scene, they found Stautzenberger, naked and bleeding, in a parking lot near the apartment complex. After arranging for Stautzenberger to be taken to a hospital, the officers approached Brice and Stautzenberger's apartment. Brice was leaving the apartment, and the officers noticed that he had blood on his clothes. Officer Ryan Karnes detained Brice

2

and found a magazine for a semi-automatic pistol in his pocket. The officers obtained a search warrant for the apartment and found a loaded semi-automatic pistol, blood on the floor, 9-millimeter bullet casings, and 9-millimeter bullets.

At trial, Brice testified that he was worried about confronting Stautzenberger, and even attempted to find a hotel to stay in that night. Although he admitted that he had kicked in the door to Stautzenberger's room and held him at gun point, Brice believed that his actions had been justified. The jury found Brice guilty of aggravated assault and sentenced him to three years' confinement.

## II. ADMISSIBILITY OF EVIDENCE

### A. 911 RECORDING

#### 1. Authentication

In his first issue, Brice argues that the recording of Alnasser's 911 call was inadmissible because Alnasser could not properly authenticate it. Brice relies on Alnasser's testimony that he did not know the name of the 911 operator and had never had physical custody of the recording. The trial court overruled Brice's authentication objection and admitted the recording into evidence. We review a trial court's decision to admit evidence over an authentication objection for an abuse of discretion. *See Tienda v. State*, 358 S.W.3d 633, 637–38 (Tex. Crim. App. 2012).

Admissibility is a preliminary question to be decided by the trial court based on relevance. *See* Tex. R. Evid. 104(a); *Tienda*, 358 S.W.3d at 638. However, evidence has no relevance if it is "not authentically what its proponent claims it to be." *Tienda*,

3

358 S.W.3d at 638.  To authenticate proffered evidence, the proponent must provide sufficient facts that would allow a reasonable fact-finder to find that the evidence is what he claims it to be.  *See* Tex. R. Evid. 104(b); *Tienda*, 358 S.W.3d at 638.  Evidence may be authenticated in numerous ways, including through "testimony of a witness with knowledge."  Tex. R. Evid. 901(b)(1).

During trial, Alnasser explained that he called 911 after he heard two gunshots and saw a naked man run out of the apartment complex.  Alnasser testified based on his personal knowledge of the call and affirmed that the recorded voices were his and the 911 operator's and that the recording had not been altered.  We conclude that Alnasser's testimony sufficiently authenticated the 911 recording; thus, the trial court did not abuse its discretion by admitting the recording over Brice's authentication objection.  *See, e.g.*, *Shores v. State*, No. 14-18-00213-CR, 2018 WL 5797266, at *3 (Tex. App.—Houston [14th Dist.] Nov. 6, 2018, no pet.) (mem. op., not designated for publication); *Montemayor v. State*, No. 13-14-00173-CR, 2016 WL 4272384, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2016, pet ref'd.) (mem. op., not designated for publication).

## 2.  Hearsay

Brice also argues that the admission of the 911 recording was an abuse of discretion because it constituted hearsay.  When the State initially proffered the 911 recording during Alnasser's testimony, Brice lodged a hearsay objection, which the trial court sustained.  The State then asked Alnasser about the circumstances

4

surrounding the recording and reoffered the recording for admission. Brice raised his authentication objection, which the trial court overruled. Brice did not preserve his hearsay argument for our review because he did not receive an adverse ruling from the trial court. *See* Tex. R. App. P. 33.1(a); *Ramirez v. State*, No. 02-18-00131-CR, 2019 WL 238123, at *10 (Tex. App.—Fort Worth Jan. 17, 2019, pet. ref'd) (mem. op. not designated for publication); *Kay v. State*, 340 S.W.3d 470, 473 (Tex. App.—Texarkana 2011, no pet.).

### 3. Confrontation Clause

Lastly, Brice argues that his federal and state confrontation rights were violated by the admission of the 911 recording because he could not question the unidentified 911 operator. However, Brice failed to preserve this argument because the only objections he raised at trial were based on authentication and hearsay. These objections do not preserve his appellate arguments tied to the Confrontation Clause. *See Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).

### B. BULLET

In his second issue, Brice contends that the admission of an unfired bullet found at the scene was an abuse of discretion because it was not probative of a fact at issue—it was not relevant.[1] *See* Tex. R. Evid. 401. We review the trial court's decision

---

[1]Brice's statement of this issue contends that the bullet was admitted without a proper foundation; however, he fails to raise any facts or legal arguments to support

5

to admit the bullet for an abuse of discretion. *See Beham v. State*, 559 S.W.3d 474, 479 (Tex. Crim. App. 2018).

The threshold for relevance under Rule 401 is low. *See Haley v. State*, 173 S.W.3d 510, 520 (Tex. Crim. App. 2005). Evidence is relevant if it has any tendency to make a fact of consequence "more or less probable than it would be without the evidence." Tex. R. Evid. 401(a). "To meet the threshold requirement of relevance, evidence need only have a tendency to make the ultimate fact more or less likely than it would be without; it need not prove the point by itself." *Beham*, 559 S.W.3d at 482.

The State indicted Brice with aggravated assault by "intentionally, knowingly, or recklessly caus[ing] bodily injury to Dalton Stautzenberger by shooting [him] with a firearm, and [Brice] did then and there, during the commission of said assault, use or exhibit a deadly weapon, to-wit: a firearm." *See* Tex. Penal Code Ann. § 22.02(a). Accordingly, the State bore the burden to prove that Brice used or exhibited a deadly weapon in the commission of the assault. The bullet, which was found at the scene of the assault, tended to make the deadly-weapon element of the State's case more probable. Therefore, the trial court did not abuse its discretion by admitting the bullet into evidence over Brice's relevance objection. *See, e.g., Andrews v. State*, No. 05-04-

---

that statement. *See* Tex. R. App. P. 38.1(f), (i). In any event, Brice did not raise a foundation objection at trial; thus, he did not preserve that argument for our review. *See* Tex. R. App. P. 33.1(a)(1).

00483-CR, 2005 WL 2503723, at *2 (Tex. App.—Dallas Oct. 11, 2005, no pet.) (mem. op., not designated for publication); *Ho v. State*, 171 S.W.3d 295, 302 (Tex. App.—Houston [14th Dist.] 2005, pet ref'd) (op. on reh'g).

Brice also argues that the admission of the bullet was an abuse of discretion because the bullet's probative value was outweighed by its prejudicial effect. *See* Tex. R. Evid. 403. However, Brice did not raise this argument at trial, thus, he failed to preserve it for our review. *See Sony v. State*, 307 S.W.3d 348, 355–56 (Tex. App.—San Antonio 2009, no pet.).

### III.  CONCLUSION

Because the trial court did not abuse its discretion by admitting the 911 recording or the bullet, we overrule Brice's issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 1, 2021

7